

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NOS.  2-09-028-CR
2-09-029-CR

JOHNNY GOMEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Johnny Gomez waived a jury and entered open pleas of guilt to one count of aggravated robbery and one count of robbery, both enhanced with repeat offender allegations to which appellant pled true.  He appeals his convictions and twenty-five year sentences on each charge.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant filed a pro se brief, alleging ineffective assistance by trial counsel. The State declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeals are frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record in each case. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the records in each case, counsel's brief, and appellant's pro se brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex.

2

Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and GARDNER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 3, 2009